IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **REINA ARMENDARIZ,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **Case No. 1:24-cv-211** |
| § | |
| **COZI GROUP, INC.,** § | |
| § | |
| **Defendant.** § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Reina Armendariz ("Armendariz") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay Armendariz, a non-exempt laundry supervisor, in accordance with the guarantees and protections of the FLSA.

3. Defendant has failed and refused to pay Armendariz at time-and-one-half her regular rate of pay for all hours worked in excess of forty hours per workweek, although Defendant had full knowledge that Armendariz was 1) non-exempt and 2) consistently worked over forty hours per workweek.

## II. PARTIES

4. Plaintiff Reina Armendariz is a Texas resident.

5. Defendant Cozi Group, Inc. ("CGI") is a Delaware corporation doing business as Cozi Vacation Rentals.

6. CGI's registered agent for service of process is Stephen Pasta, who may be served at 800 Rio Grande, Austin Texas 78701.

7. CGI's primary business address is in Fredericksburg, Texas.

8. At all times relevant to this claim, CGI was an employer of Armendariz as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Armendariz asserts claims arising under federal law. Specifically, Armendariz asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

10. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Gillespie County, Texas, which is in this District and Division, and where Defendant's primary office is located.

11. Armendariz was an employee of Defendant and performed work for Defendant in and around Fredericksburg, Gillespie County, Texas. Defendant is subject to this Court's personal jurisdiction

with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

12. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer concerning Armendariz.

13. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Armendariz was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

17. As an employee of Defendant, Armendariz handled items such as cell phones, washers, dryers, laundry detergent, and cleaning materials and supplies as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

18. Defendant provides vacation homes for short-term rentals in and around the Austin and Hill Country areas.

19. Defendant employed Ms. Armendariz at their laundromat where she worked washing linens and towels used by Defendant's vacation rental customers.

20. Defendant paid Ms. Armendariz hourly for her work in the laundromat.

21. Defendant also assigned Ms. Armendariz the task of cleaning vacation rental homes.

22. Defendant paid Ms. Armendariz hourly for cleaning houses, although Defendant would occasionally pay Ms. Armendariz a set amount per house cleaned. As a result, Defendant would not always track the hours Ms. Armendariz worked cleaning houses.

23. Even though her timesheets did not reflect all hours worked, her timesheets still reflected that Ms. Armendariz would work significant amounts of overtime.

24. Indeed, Defendant even separated Ms. Armendariz's time into regular hours and overtime hours on her timesheets, reflecting that Defendant knew Ms. Armendariz was working more than forty hours per workweek.

25. Ms. Armendariz was paid straight time for all hours worked, whether above or below 40 hours per workweek.

26. Defendant improperly treated Ms. Armendariz as an independent contractor.

27. To establish that a worker is an independent contractor, courts generally evaluate a variety of factors: (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer.'" *Andel v. Patterson–UTI*

*Drilling Co., LLC*, 280 F.R.D. 287, 290 (S.D.Tex. 2012) (quoting *Thibault v. Bellsouth Telecomm., Inc.*, 612 F.3d 843, 846 (5th Cir. 2010).

28. Ms. Armendariz worked for Defendant, uninterrupted, for well over one year (approximately 72 weeks).

29. Defendant unilaterally established Ms. Armendariz's hours.

30. Defendant unilaterally established Ms. Armendariz's pay.

31. While Ms. Armendariz was a dedicated employee, the skill and initiative required to perform her job in the laundromat and as a house cleaner were minimal.

32. Ms. Armendariz invested literally nothing into Defendant's business. Defendant owned and/or leased all property, provided all capital needed for its business, and provided all staffing necessary to run its business.

33. Ms. Armendariz could only modify her opportunity for profit and/or loss by altering the number of hours she worked.

34. Ms. Armendariz was not an independent contractor.

35. As such, Defendant was required to pay Ms. Armendariz overtime premiums for all hours worked over forty hours per week.

36. Ms. Armendariz routinely worked long hours and consistently worked more than forty hours per week. At no time did Defendant pay Ms. Armendariz overtime compensation for any hours worked over forty per week.

37. Defendant was fully aware of its obligations to pay overtime compensation to non-exempt employees such as Ms. Armendariz.

38. Defendant purposefully ignored its obligations to pay overtime compensation to non-exempt employees such as Ms. Armendariz.

39. Defendant has knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Armendariz for her overtime hours.

## VI. CAUSE OF ACTION:

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

40. Ms. Armendariz incorporates all allegations in the foregoing paragraphs as though fully set forth herein.

41. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Armendariz, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Armendariz, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Ms. Armendariz, were employed. Defendant has acted willfully in failing to pay its non-exempt employees, including Ms. Armendariz, in accordance with applicable law.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiff Reina Armendariz prays for judgment against Defendant Cozi Group Inc. as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Ms. Armendariz and for liquidated damages equal in amount to the unpaid compensation found due to Ms. Armendariz;

    b.    For an Order awarding Armendariz reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

      c.      For an Order awarding Ms. Armendariz pre-judgment and post-judgment interest at the highest rates allowed by law;

      d.      For an Order awarding Ms. Armendariz declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

      e.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**